OLD COLONY CO-OPERATIVE BANK *vs.* JOHANNA BURGER, *et al.*

JULY 19, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is a bill in equity brought to compel the respondents to interplead for the right to the possession of a certain deposit in the complainant bank. Each of the respondents filed an answer to the bill, and thereupon a decree of interpleader was entered over the objection of the respondent Burger. The cause was then heard before a justice of the superior court on the bill, answers, replication of respondent Brindle, and evidence; and thereupon a decree was entered, awarding the deposit to the respondent Brindle as executor of the will of Herman F. Kaiser. The cause is before us upon the appeal of the respondent Burger from that decree.

The undisputed testimony shows that the money in question originally was deposited in the complainant bank by one Herman F. Kaiser, father of the respondents, who died testate on January 11, 1938 at the age of eighty-five years; that this deposit was evidenced by a certificate of shares in the complainant bank and a bankbook standing at all times in the father's name; and that the respondent Harry Brindle was duly appointed executor of his father's will, by which the residue was divided equally between the testator's three children.

The respondent Johanna Burger claims the right to have possession of the deposit by virtue of an alleged gift made to her by the testator during his lifetime. The respondent Brindle, as executor, denies the claim of the respondent Burger and claims the deposit as an asset of his father's estate.

The evidence for the respondent Burger tends to show that the testator had lived a good portion of many years at her home; that she had rendered some care and services to him and had assisted him at times in the collection of rents, particularly while he was away on vacations in Florida and Europe; that, without previous intimation of any intention to make a gift, the father turned over the bankbook to her on January 1, 1938, saying: "Here, Johanna, here is the bank book. I give it to you as a present. Don't lose it and don't give it away. Keep it."; that the respondent Burger, as she testified, then "put it (the book) in a cannister on the mantel shelf and I thought nothing of it because I figured my father was going to live to be a hundred because he was in wonderful health except twice."; that on January 10, 1938, notwithstanding the alleged previous gift, he again gave the same bankbook to the respondent Burger and, to express his donative intent, used practically the identical words that he had used on January 1; and she put the book in the same place as before.

The evidence further shows that the respondent Burger made no withdrawals from the deposit and made no attempt to change over the deposit, or the bankbook or certificate of shares, into her own name during the lifetime of the testator; but that, after her father's death, she attempted to make a withdrawal therefrom for the purpose of paying some obligations; and that she then had conversations with an employee and the attorney for the bank and also with another attorney concerning her alleged ownership of and her proposed withdrawal from this deposit.

On the other hand, the evidence in favor of the respondent Brindle shows that the cannister on the mantel, where respondent Burger testified she placed the bankbook, was the usual place for the testator to keep his bankbook; that it was placed and kept there after the alleged gift to the respondent Burger on January 1; that notwithstanding the

alleged completed gift on that occasion, the testator thereafter, on January 10, personally took the book to the bank and made a withdrawal therefrom for the payment of some small bills; and that he then told the bank teller that he would be back again in a week or two to make a further withdrawal for the payment of taxes; that admittedly he alone had always made the deposits and withdrawals; that the respondent Burger had never exercised or attempted to exercise any control over the bank deposit or book during her father's life; and that the book had been kept where the testator had always kept it even when he was away in Europe and Florida; and that the conduct of the testator and the respondent Burger toward this deposit showed a lack of any present intention on the part of the testator to entirely divest himself of dominion over the deposit and the evidences thereof.

The trial justice found upon conflicting evidence that there was no legally completed delivery of the bankbook to respondent Burger and that the testator had not evidenced a present intention to part with dominion over the book or over the deposit. He therefore found that the respondent Brindle, as executor of the will of Herman F. Kaiser, deceased, was entitled to the bankbook, deposit and certificate of shares in the complainant bank that represented the deposit.

Three questions are raised by the respondent Burger under her appeal: First, was she entitled to the framing of issues of fact and a trial by jury; second, was the bill of interpleader proper in this case; and third, was the trial justice clearly wrong in finding on the evidence that there was no valid and completed gift *inter vivos* of the bank deposit to the respondent Burger?

The first question was raised before hearing on the merits by the motion of the appellant, "that issues of fact for trial by a jury be framed by this court for the determination

of such facts as to such gift, in accordance with the provisions of section 7 of Chapter 341 of the General Laws." The section referred to reads as follows: "In equity causes the superior court *may* frame issues of fact to be tried by a jury, as the court *in its discretion may deem advisable*; otherwise all equity cases shall be tried in the superior court on depositions, excepting such cases as the court shall allow to be tried wholly or in part on oral evidence." (italics ours)

Previous to 1893 a party complying with stated provisions had the right by statute to have issues of fact framed and tried by a jury in an equity cause. This was changed by the judiciary act of 1893 which authorized such a trial only in the discretion of the appellate division. Then, under chap. 20 of the court and practice act of 1905, the above-quoted language of sec. 7, chap. 341 came into our law; and since that time, as the language plainly indicates, a request to frame issues of fact to be tried by a jury in an equity cause has been addressed to the discretion of the superior court. Moreover, this court has held that such a jury trial in an equity cause is not a matter of right. *Bellini* v. *Neas,* 50 R. I. 283 at 286.

But the appellant contends that, even under this interpretation and practice, her motion was addressed to the sound discretion of the court and should not have been arbitrarily or capriciously denied. This may be conceded in general but the sufficient answer to this contention here is that the transcript which appellant has brought up discloses no such arbitrary or capricious decision. The only record before us on this point is composed of the papers and jacket entries in the case. These show that the trial justice had before him, on this motion, only the bill of complaint, the answer of each respondent, and the replication of respondent Brindle to the answer of respondent Burger.

Upon these pleadings it was apparent that the issues of fact in the case were simple and not complicated or unusual.

They presented the usual facts which have been commonly heard on a bill of interpleader by a justice in equity without a jury. Conceivably there may be cases when the framing of such issues to be tried by a jury might be considered by the court as desirable and helpful to it in deciding an equity cause. However, as there is no record before us which shows any arbitrary action or abuse of discretion by the superior court in the circumstances of this case, we fail to see how the appellant's first contention can be sustained.

The second question is raised by the objection of the appellant to the entry of a decree of interpleader on the ground that there was collusion between the bank and respondent Brindle in bringing the bill of interpleader; and also that there was no equity in the bill of interpleader. We are unable to find any evidence in the record of collusion between the bank or its attorney and the respondent Brindle or his attorney.

We also think that each of the respondents here was making claim to the same deposit, which was held by the bank as a disinterested stakeholder; that there was a legitimate reason to fear several suits therefor; and that otherwise the allegations of the complaint, answers, and replication, which were the only pleadings then before the court, sufficiently set out a situation which brings the cause within the requirements that permit such a bill of interpleader to be maintained. See *Industrial Trust Co.* v. *Colt,* 46 R. I. 319, at 322.

The third question raises an issue of fact upon the evidence submitted in the cause. Having set up a gift to herself as the reason for not delivering up the bankbook to the executor, the burden was upon the respondent Burger to prove the alleged gift *inter vivos* by satisfactory evidence. *Stiness* v. *Brennan,* 51 R. I. 284; *Bagley, Ex.* v. *Page,* 57 R. I. 186, 191. The evidence on this issue was in conflict and either one of two reasonable conclusions was possible.

The trial justice apparently adopted one of them as the more reasonable and based his decision largely on the conduct of the respondent Burger and the conduct of the testator, during his life and after the alleged gift, as being inconsistent with any intent to complete a gift. Upon such conflicting evidence, the decision of a trial justice upon a factual issue is entitled to great weight. We have examined the evidence and, as we cannot say that the trial justice was clearly wrong in his findings of fact, the third contention of the appellant cannot be sustained.

For the reasons stated, the appeal of the respondent Burger is overruled, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*William B. Sweeney,* for complainant.

*Charles R. Easton, William F. Barry,* for respondent Burger.

*Forrest B. Morgan,* for respondent Brindle.