ANGELO M. ONORATO, *d.b.a.* PURITAN MOTOR SALES
*vs.* ANTHONY MANCINI.

JUNE 11, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a suit in equity in which the complainant seeks to compel the respondent to account in regard to certain business transactions in which they were both involved, and for other relief incident to such accounting. After the cause had been heard on its merits by a justice of the superior court, he entered a decree denying the complainant the relief prayed for, and granting

certain relief to the respondent under his answer. From the entry of this decree the complainant duly took the appeal which is now before us.

It appeared from the evidence that the complainant was, at the time of the occurrences referred to herein, a dealer in new and used automobiles. He required from time to time financial assistance in the conduct of his business, since the automobiles sold by him were largely on leases or conditional sales agreements, under which the purchaser gave him monthly notes extending over a considerable period. The respondent, who was an electrician, apparently had funds on deposit which he desired to invest. He and the complainant became friendly in 1935, and about August 1936, the complainant first obtained money from the respondent. Thereafter other payments were made by the latter to the complainant at reasonably frequent intervals, and this business relationship continued between them without any apparent friction up to approximately July 1938.

The evidence also showed that, from the beginning of the financial dealings between the parties and as long as the complainant continued to obtain money from the respondent, the former turned over to the latter the notes, leases and conditional sales agreements of many of the purchasers of cars sold by the complainant. These notes, which were payable to the complainant, and the corresponding leases were held by the respondent; and the notes, except a very few, were signed by the complainant, beneath the names of the makers thereof, when he delivered said notes to the respondent. Under the practice and the course of dealing between the parties, the makers of the notes, in some instances, made payments thereon to the respondent, but in many cases they paid the complainant, who apparently entered such payments in two notebooks and later turned over money thus received to the respondent either in cash or by check.

From the evidence it also appeared that on March 20, 1937, the complainant executed a promissory note in the sum of $2525, payable to the respondent; that on June 10, 1937, this note was discharged and a new note for $1483 was given to the respondent by the complainant; and that this note was in turn surrendered by the former on September 1, 1937, and a note for $1600, signed by the complainant, was taken by the respondent in its place. In July 1938, the latter sued the complainant on the note last mentioned in an action at law begun by attaching certain funds of the complainant in a bank in Providence. At this time the respondent had in his possession a considerable number of the above-mentioned notes, leases and conditional sales agreements executed by the complainant's customers.

Thereupon the complainant filed his present bill seeking an accounting and the enjoining of the respondent from the further prosecution of said action at law, the further collection of money on said notes and any further dealing with complainant's customers. In his bill he alleged, among other things, that he was ready, willing and able to pay the respondent all sums owed him; that the latter refused to account for monies he himself had collected or which had been paid him by the complainant, or to state the amount due growing out of the transactions in question, and that the respondent had refused to deliver to the complainant the notes and leases now held by the former.

Thereafter, in the present proceeding, a receiver was appointed by a justice of the superior court to hold the said notes and leases then in the respondent's possession; to receive payments and to make collections thereon; to take whatever action in the premises might be necessary in that connection; and to retain all proceeds so received and all notes and leases not collected and settled, pending a determination of this proceeding.

The complainant's contention, supported by evidence introduced by him, was to the general effect that the only

money he borrowed from the respondent was evidenced by the three promissory notes above mentioned; that these notes were given as the result of an amicable adjusting of accounts from time to time and covered sums then agreed upon, after a balancing of all the borrowings, and of the amounts paid to the respondent by the complainant, which amounts under the practice of the parties were to be applied by the respondent in reducing the sum owed him by the complainant on the notes. The latter also claimed that his customers' notes and leases were turned over to the respondent merely for safekeeping, and not as assignee, pledgee, or holder in due course.

On the other hand, the respondent's contention, based on evidence submitted on his behalf, was that his transactions with the complainant were of two kinds. Those of the first kind were direct loans made at intervals to the complainant, who, after the loans had accumulated to a substantial amount, would give the respondent a note therefor. The three notes in question were of this kind, the respondent contended. Payments were made on the first two of these notes by the complainant and balances were struck and a new note then was made. Each renewal note included the balance due on the last previous note. The note for $1600 dated September 1, 1937, now claimed by the respondent to be owed to him in full, was the final note thus made.

. In the transactions of the second kind the respondent purchased outright from the complainant, on a basis which yielded the former a definite profit, the notes and leases in question, which he thereafter held as his own property and not merely for safekeeping for the complainant. The respondent also maintained that the signature of the complainant on such notes was considered by the parties as an endorsement thereon. See general laws 1938, chapter 455, §§ 23, 37. *Moore* v. *Cary*, 138 Tenn. 332. The respondent further urged that in many instances customers made pay-

ments to the complainant on notes and leases which had thus been sold to the respondent, and that such payments were turned over by the complainant to the respondent as the latter's own funds, and that no accounting between the parties is necessary.

The cause was tried at considerable length and many exhibits were introduced by both parties. However, their records of the transactions in question were not very satisfactory. The evidence on the principal issues was sharply conflicting. The trial justice, in rendering his decision, weighed this evidence and passed upon the credibility of the witnesses. He commented unfavorably on the impression made upon him by the complainant's testimony. As to the credibility of the witnesses we are not afforded the advantage which the trial justice had of seeing and hearing them as they testified.

After considering all the evidence, including that of the conduct of the parties during their dealings with each other, and especially the conduct of the complainant in signing the notes of purchasers of automobiles, and after drawing reasonable inferences from such evidence and conduct, the trial justice decided that such notes and leases had been purchased by the respondent and were his absolute property; that the receiver should deliver to the respondent the notes and leases in the receiver's possession and all monies he had collected thereon; and that the complainant had failed to prove that he was entitled to the relief for which he prayed in his bill of complaint. It is settled that the decision of a trial justice based upon conflicting evidence is entitled to great weight. We have examined the evidence and the decision of the trial justice, and cannot say that he was clearly wrong in his findings of fact under the proof submitted by the complainant in support of his case and that submitted by the respondent in opposition thereto. See *Old Colony Cooperative Bank* v. *Burger,* 63 R. I. 223, 7 A. 2d 725.

However, the trial justice went further and found that, under the amended answer, which was in the nature of a cross-bill, the respondent was entitled to recover from the complainant the full amount, with interest, of the note for $1600, on which the former had sued the latter in the action at law. Also, in the decree entered herein it was provided that the complainant pay to the respondent the above amount so found to be due under said note. We are of the opinion that it was error for the trial justice to determine the amount due under the $1600 note and to order that the complainant pay to the respondent such amount, in view of the fact that the trial justice did not grant the prayer of the complainant for an accounting as to his customer's notes and leases in respondent's possession, and did not specifically enjoin the prosecution of the law action on the $1600 note, and in the facts and circumstances of the instant cause.

The trial justice had held, in effect, that, as the notes and leases in question belonged absolutely to the respondent, he was under no duty or obligation to account to the complainant concerning these transactions, and that there was no cause for enjoining the respondent from prosecuting his action based on the $1600 note, or in the collection of money under the other notes and leases delivered to him. The chief ground for equitable relief alleged in the complainant's bill was the prayer for an accounting as to the notes and leases of complainant's customers, and as this ground was not established by the complainant in the opinion of the trial justice, the complainant's bill should have been dismissed.

The matter of the necessity for an accounting having been disposed of adversely to the complainant, there appears, in our judgment, to be no valid basis for permitting the respondent to recover in this cause, under his amended answer, the amount due on the $1600 note, since, as to that instrument, he now has a complete and adequate

remedy at law. No facts are alleged in such amended answer which, in themselves, give jurisdiction in equity to the superior court. As hereinbefore pointed out, the respondent has a pending action at law on such note begun by writ of attachment, and as the complainant's bill of complaint is to be dismissed, no reason is apparent why the issue on the $1600 note should not be tried and disposed of in said action at law in the ordinary manner, thus permitting the complainant to set up in such action any defense, including that of partial payment, not inconsistent with those findings in the instant cause on the basis of which the relief prayed for by the complainant in his bill was denied.

In our opinion this will be consistent, under all the circumstances appearing herein, with proper procedure. If the respondent is successful in his said action, he will obtain a judgment collectible in the manner provided by law for realizing on such judgments. On the other hand, if the decree now before us is sustained in full, then the respondent obtains an order requiring the complainant to pay the former a definite amount of money. If this order is not complied with, it may be enforced, in accordance with established equity practice, by contempt proceedings. The facts disclosed by the evidence and the findings thereon by the trial justice, in view of the allegations of the bill of complaint and the amended answer, do not, in our minds, present such a situation as would justify a court exercising equity jurisdiction in decreeing the payment of money, thereby allowing the respondent to collect his alleged debt by the method above indicated.

We find, therefore, that the first, second, third and seventh paragraphs of the decree appealed from, being in conformity with our holdings herein, are proper and should be sustained, and that, in addition, the complainant's bill of complaint should be dismissed. We find, however,

that the insertion of the fourth, fifth and sixth paragraphs in such decree is error.

For the reasons stated the complainant's appeal is sustained, the decree appealed from is affirmed in part and is reversed in part; and on June 19, 1940 the parties may present to this court for approval a decree, in accordance with this opinion, to be entered in the superior court.

*Ralph Rotondo,* for complainant.

*George Ajootian, Henry R. DiMascolo,* for respondent.